

ORDERED in the Southern District of Florida on December 30, 2014.

Robert A. Mark, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re: ) | CASE NO. 14-12555-RAM |
| ) | CHAPTER 13 |
| VIRGINIA M. MARTY, ) | |
| Debtor. ) | |

ORDER DENYING MOTION
TO ALLOW-LATE FILED CLAIM AND MOTION FOR SANCTIONS

The Court held a hearing on December 9, 2014 on Equinox Holdings, Inc.'s ("Equinox") Motion to Allow Late-Filed Claim [DE #46]. Equinox's proposed claim stems from the Debtor's lawsuit currently pending against Equinox (12-23389-CA-32 in Miami-Dade Circuit Court) (the "Lawsuit"). In the Lawsuit the Debtor seeks relief against Equinox for alleged injuries caused to her by an Equinox employee during a yoga class. If Equinox

successfully defends the Lawsuit, Equinox claims that it could recover attorney's fees under Florida Statute §768.79 and §57.105.

Equinox has also filed a Motion for Sanctions [DE #49] against the Debtor for not disclosing the Lawsuit in her bankruptcy schedules and for failing to list Equinox as a creditor. A hearing on the Motion for Sanctions is presently scheduled for February 10, 2015. Both the Motion for Sanctions and the Motion to Allow Late-Filed Claim address the Debtor's failure to provide notice to Equinox of this bankruptcy case.

The Motion to Allow Late-Filed Claim seeks permission to file a late claim pursuant to Bankruptcy Rule 9006(b)(1). The Motion for Sanctions seeks an order from this Court enjoining the Debtor from prosecuting the Lawsuit and an Order denying the Debtor's discharge pursuant to 11 U.S.C. §727(a)(4)(A). At the December 9th hearing the Court announced that it would set the Motion to Allow-Late-Filed Claim for a further hearing on February 10, 2014, together with the presently scheduled hearing on the Motion for Sanctions. However, the court has now reviewed both motions, the Trustee's Objection to Motion to Allow Late Claim #17 [DE #51], Equinox's Response to Objection of Trustee [DE #53], and the applicable law and rules. After this review,

the Court finds it appropriate to rule on both motions without further hearing.

## The Motion to Allow Late-Filed Claim

The Motion to Allow Late-Filed Claim seeks relief under Fed. R. Bankr. P. 9006(b)(1). That rule permits extensions of time for excusable neglect even after the expiration of a time period specified in a rule. However, Rule 9006(b)(1) does not apply to extensions of time to file proofs of claim in chapter 7, 12, or 13 cases which are governed by Fed. R. Bankr. P. 3002(c). Rather, the applicable subsection of Rule 9006(b) is (b)(3) which provides that the deadlines in Rule 3002(c) for filing claims cannot be enlarged or reduced, except as stated in Rule 3002(c). The deadline to file claims in this case expired on July 30, 2014 and the Court confirmed the Debtor's First Amended Chapter 13 Plan on August 20, 2014. Even though Equinox is not listed on any of the Debtor's schedules and even assuming that it did not otherwise receive notice of this bankruptcy case, failure to receive notice is not one of the exceptions to filing a timely claim under Rule 3002(c).

In its Response to Objection of Trustee, Equinox argues that, notwithstanding the limited exceptions in Rule 3002(c), the court may extend the time for filing a proof of claim on

equitable grounds where a creditor did not receive notice of the bankruptcy case. Although some courts have granted such relief, this Court follows the majority view that courts lack the equitable power to allow late-filed claims even when the creditor has not received notice. *See In re Hernandez*, 2004 WL 962208, Case No. 99-13443, *3 (Bankr. S.D. Fla, March 17, 2004):

> As Judge Lundin aptly concludes, "[s]ection 502(b)(9) as implemented by Bankruptcy Rules 3002(c) and 9006 plainly provides that an untimely claim is disallowed in a Chapter 13 case without regard to why the claim was untimely. Congress defined this outcome with the enactment of § 502(b)(9) in 1994 and there is no resort to equitable exceptions.

(citations omitted). *See also Gardenhire v. IRS (In re Gardenhire)*, 209 F.3d 1145, 1152(9th Cir. 2000); *United Feeds, Inc. v. Greenig (In re Greenig)*, 152 F.3d 631 (7th Cir. 1991); *In re McNeely*, 309 B.R. 711, 712 (Bankr. M.D. Pa. 2004); and *In re Kristiniak*, 208 B.R. 132 (Bankr. E.D. Pa. 1997).

Although Equinox's late-filed claim may not be allowed as timely, the due process rights of Equinox will not be violated. under Section 523(a)(3)(A) of the Bankruptcy Code, that debts neither listed nor scheduled are not dischargeable if the creditor whose debt was not listed lacks notice and actual knowledge of the bankruptcy and, as a result, was unable to timely file a proof of claim. Equinox was not listed in the Debtor's schedules. If Equinox did not otherwise have knowledge

4

of the bankruptcy case, any prepetition debt held by Equinox would be excepted from discharge under section 523(a)(3)(A). *In re Tipton*, 118 B.R. 12 (Bankr. D. Conn. 1990)(Rule 3002(c), which prohibits extensions of time to file claims beyond the 90 days provided for, does not deprive unscheduled creditors of due process because unscheduled creditor's debts are not dischargeable.).

## The Motion for Sanctions

In its Motion for Sanctions, Equinox seeks entry of an order denying the Debtor's discharge pursuant to section 727(a)(4)(A) because of the Debtor's failure to list the Lawsuit in her schedules. This request must be denied for two reasons. First, denial of discharge must be sought in an adversary complaint, and second section 727(a)(4)(A) only applies in chapter 7. It does not apply in chapter 13 cases. 11 U.S.C. §103(b), *See also Torrington Livestock Cattle Co. v. Berg (In re Berg)*, 423 B.R. 671, 677 n. 28 (10th Cir. BAP 2010) ("Only a Chapter 7 debtor's discharge may be denied under Section 727."). Therefore, this portion of the Motion for Sanctions is denied.

The Motion for Sanctions also requests that the Court apply the doctrine of judicial estoppel and punish the Debtor for not listing the Lawsuit in her schedules by ordering her to dismiss

the Lawsuit. Equinox argues that by not listing the Lawsuit in her schedules, the Debtor represented to this Court that the Lawsuit is not an asset of the estate. As such, the Debtor should be estopped from further prosecution of the Lawsuit.

The Court acknowledges that Equinox may have a judicial estoppel defense to the Lawsuit. As cited in the Motion for Sanctions, non-bankruptcy courts have applied judicial estoppel and granted summary judgment or dismissal in favor of defendants and against plaintiffs who failed to disclose the lawsuits in their bankruptcy cases. *See e.g. Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269 (11th Cir. 2010) (The district court granted summary judgment in favor of the defendant in a federal employment discrimination case because the plaintiff failed to list the lawsuit in the chapter 13 case.). These decisions are typically entered in the non-bankruptcy litigation.

Equinox does cite cases in which bankruptcy courts have applied judicial estoppel, but the courts were applying it in adversary proceedings brought in the bankruptcy court, not by enjoining non-bankruptcy litigation. *See e.g. Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corporation*, 337 F.3d 314 (3rd Cir. 2003) (Bankruptcy Court dismissed an adversary proceeding brought by the plaintiff and chapter 11 debtor who failed to disclose in its plan and disclosure

6

statement that it intended to bring the adversary proceeding against the defendant for the defendant's alleged willful violation of automatic stay.). In none of the cases cited has a bankruptcy court sanctioned a debtor who fails to disclose a lawsuit by enjoining that debtor from prosecuting the undisclosed lawsuit in another court. Therefore, this Court will not enjoin prosecution of the Lawsuit. Equinox must seek that relief by arguing in state court that the Debtor is judicially estopped from continuing to prosecute the Lawsuit. Based upon the foregoing findings and conclusions, it is-

**ORDERED** as follows:

1. The Motion to Allow Late-Filed Claim is denied without prejudice to Equinox arguing that its claim is excepted from discharge under §523(a)(3) of the Bankruptcy Code.

2. The Motion for Sanctions is denied without prejudice to Equinox raising a judicial estoppel defense in the state court where the Lawsuit is pending.

###

COPIES TO:

Peter D. Spindel, Esq.
Nancy K. Neidich, Trustee
Jerome Pivnik, Esq.